UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:18-cv-81569

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

       Plaintiff,

v.

LANG REALTY, INC.,

       Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through the undersigned counsel, brings this Complaint against Defendant LANG REALTY, INC., for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship, and under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for the removal of AAP's copyright management information and the falsification of copyright management information.

2.    Affordable Aerial Photography, Inc. is a high-end real estate photography service for real estate brokers and agents in South Florida.

3.    AAP licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

4. Robert Stevens is AAP's principal photographer and its founder. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past twelve years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Stevens has photographed the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Bill Gates, Tommy Lee Jones, Bryant Gumble, Bruce Springsteen, Nick Price, and Lee Westwood.

5. Defendant LANG REALTY, INC. ("Lang") is a Florida licensed real estate corporation and broker.

6. AAP alleges that the Lang and its agents copied AAP's copyrighted works from the internet in order to advertise, market and promote its business activities. Lang committed the violations alleged in connection with its business for purposes of advertising and promoting sales of property to the public in the course and scope of the its real estate business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1203.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Lang is subject to personal jurisdiction in Florida.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Lang engaged in infringement in this district, Lang resides in this district, and Lang is subject to personal jurisdiction in this district.

## LANG AND ITS AGENTS

11. Lang Realty Inc. is a corporation with its principal place of business at 2901 Clint Moore Rd., Suite 9, Boca Raton, FL 33496, and can be served by serving its Registered Agent, Kevin M. Carroll, 790 Park of Commerce Blvd., #200, Boca Raton, FL 33487.

12. Lang used AAP's copyrighted Works on the Lang website, located at www.langrealty.com, to advertise and promote properties for sale as well as Lang's real estate brokerage services. Attached as Exhibit A is a spreadsheet detailing each photograph infringed by Lang and its agents.

13. Lang, via its agents, also used AAP's copyrighted Works on the Lang website and on the MLS to promote individual real estate listings. Attached as Exhibit B are 135 separate instances of infringement numbered 1 through 135 containing screenshots from Lang's websites and screenshots of MLS listings showing Lang's use of AAP's copyrighted Works in this manner.

14. Lang, via its agents, also used AAP's copyrighted Works on the internet to advertise and promote properties and Lang's real estate brokerage services on websites such as Facebook and Pinterest. See Ex. B.

15. Ellen J Lillian LLC is a Florida limited liability company owned and operated by licensed real estate agent Ellen Lillian, license number SL3073837, with a principal place of business at 426 Pumpkin Drive, Palm Beach Gardens, FL 33410. Lillian used AAP's copyrighted Works to advertise and promote properties on Facebook and Pinterest while associated with Lang as a licensed agent.

16. Brian Pearl is a licensed real estate agent in the state of Florida, license number SL3091444, who resides in this judicial district at 1241 SW 8th St., Boca Raton, Florida 33486.

Pearl used AAP's copyrighted Works to advertise for properties located at the Prado in West Palm Beach, Florida while associated with Lang as a licensed agent.

17. James Haneschlager is a licensed real estate agent in the state of Florida, license number SL3239417, who resides in this judicial district at 3 Balfour Ct., Palm Beach Gardens, Florida 33418.  Haneschlager used AAP's copyrighted Work to advertise for properties located at the Prado in West Palm Beach, Florida while associated with Lang as a licensed agent.

18. Dayanne Andrade is a licensed real estate agent in the state of Florida, license number SL3379164, who resides in this judicial district at 4504 Cohune Palm Ct., Greenacres, Florida 33463.  Andrade used AAP's copyrighted Work to advertise for properties located at the Prado in West Palm Beach, Florida while associated with Lang as a licensed agent.

19. Julia Ann Giachetti is a licensed real estate agent in the state of Florida, license number SL511838, who resides in this judicial district at 122 N. Dixie Blvd., Delray Beach, Florida 33444.  Giachetti used AAP's copyrighted Work to advertise for properties located at the same address in Delray Beach, Florida while associated with Lang as a licensed agent.

20. Lea Novgrad is a licensed real estate agent in the state of Florida, license number SL503092, who resides in this judicial district at 2236 NW 53rd St., Boca Raton, Florida 33496.  Novgrad used AAP's copyrighted Work to advertise for properties located at Presidential Palace, 800 S. Ocean Blvd. while associated with Lang as a licensed agent.

21. Ryan Greenblatt is a licensed real estate agent in the state of Florida, license number SL3016769, who resides in this judicial district at 9571 Savona Winds Drive, Delray Beach, Florida 33446.  Greenblatt used AAP's copyrighted Work to advertise for properties located at Aragon while associated with Lang as a licensed agent.

22. Michaela Marcus is a licensed real estate agent in the state of Florida, license number SL3327240, who resides in this judicial district at 19227 Skyridge Circle, Boca Raton, Florida 33498.  Marcus used AAP's copyrighted Work to advertise for properties located at 550 Middle Road while associated with Lang as a licensed agent.

23. Morton Piasetski is a licensed real estate agent in the state of Florida, license number SL3232329, who resides in this judicial district at 19227 Skyridge Circle, Boca Raton, Florida 33498.  Piasetski used AAP's copyrighted Work to advertise for properties located at 550 Middle Road while associated with Lang as a licensed agent.

24. Lori Quinlan is a licensed real estate agent in the state of Florida, license number SL3085522, who resides in this judicial district at 2876 W.  Community Drive, Jupiter, Florida 33458.  Quinlan used AAP's copyrighted Work to advertise for properties located at 3175 Cove Road while associated with Lang as a licensed agent.

25. Joe Laviola is a licensed real estate agent in the state of Florida, license number SL3023233, who resides in this judicial district at 15469 North Road, Loxahatchee, Florida 33470.  Laviola used AAP's copyrighted Work to advertise for properties located at the 1003 Rhodes Villa Road while associated with Lang as a licensed agent.

26. Shelly Simmel is a licensed real estate broker in the state of Florida, license number BK669516, who resides in this judicial district at 927 SW 38th Court, Boynton Beach, Florida 33435.  Simmel used AAP's copyrighted Work to advertise for properties located at Gulf Stream while associated with Lang as a licensed agent.

27. Richard Ralston is a licensed real estate agent in the state of Florida, license number SL3088889, who resides in this judicial district at 12742 Bonnington Range Dr.,

Boynton Beach, Florida 33473.  Ralston used AAP's copyrighted Work to advertise for properties located at 6259 Homeland Road while associated with Lang as a licensed agent.

28. Elena Carissimo is a licensed real estate agent in the state of Florida, license number SL3387824, who resides in this judicial district at 830 Canary Walk, Gulf Stream, Florida 33483.  Carissimo used AAP's copyrighted Work to advertise for properties located at 550 Middle Road while associated with Lang as a licensed agent.

29. Linda Giannetti is a licensed real estate agent in the state of Florida, license number SL592445, who resides in this judicial district at 133 Lighthouse Dr., Jupiter, Florida 33469.  Giannetti used AAP's copyrighted Work to advertise for properties located at Ocean Royale while associated with Lang as a licensed agent.

30. Eve Hyatt is a licensed real estate agent in the state of Florida, license number SL3093521, who resides in this judicial district at 3700 South Ocean Blvd., Apt 305, Highland Beach, Florida 33487.  Hyatt used AAP's copyrighted Work to advertise for properties located at Toscana in Highland Beach while associated with Lang as a licensed agent.

31. At all relevant times, Lang acted as the listing broker for the real estate agents and on the real estate listings identified in ¶¶ 15 through 30.

32. Lang is liable for the infringement by its agents because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

33. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B).

34. Moreover, the terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like Lang and its agents, include an

independent contractor relationship when such a relationship is intended by and established between a broker (Lang) and a sales associate, and furthermore the existence of an independent contractor relationship shall not relieve the broker (Lang) of its duties, obligations, or responsibilities, which include being responsible for the offenses of its agents. Fla. Stat. § 475.01(2).

35. As a result, even if Lang designates its agents as "independent contractors," its agents are "employees" under the Florida Real Estate Code and the common law of principal/agent in Florida, and Lang is vicariously liable for its agents' acts committed in connection with and in furtherance of Lang's real estate brokerage business.

## THE COPYRIGHTED WORKS AT ISSUE

36. AAP created multiple photographs which are listed by title and number in Exhibit A and referred to hereto as the "Works."

37. At the time it created the Works, AAP applied copyright management information to many of the Works consisting of watermarks indicating AAP or Robert Stevens as the owner or creator of the Works.

38. AAP registered 133 of the Works and has applied for registration pursuant to 17 U.S.C. § 411 for 2 of the Works with the Register of Copyrights. Attached hereto as Exhibit B are the Certificates of Registration

39. At all relevant times, AAP was the owner of the copyrighted Works at issue in this case either by assignment from Robert Stevens, or as works for hire created by Robert Stevens, the owner of AAP.

**INFRINGEMENT BY LANG**

40. Lang have never been licensed to use the Works at issue in this action for any purpose.

41. On a date after the Works at issue in this action were created, but prior to the filing of this action, Lang copied the Works.

42. Lang copied AAP's copyrighted Works without AAP's permission.

43. After Lang copied the Works, they made further copies, distributed, and displayed the Works on the internet to promote the sale of real estate as part of their real estate sales, rental, and brokerage business.

44. Lang copied, distributed, and displayed AAP's copyrighted Works in connection with Lang's business for purposes of advertising and promoting Lang's business, and in the course and scope of advertising and selling real estate services.

45. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

46. Lang committed copyright infringement of the Work as evidenced by the documents attached as Exhibit B that show the (1) AAP's original Work, (2) AAP's Certificate of Registration (if applicable), (3) Lang's unauthorized and unlicensed use of AAP's copyrighted Work, and (4) a side by side comparison of the original AAP Work with Lang's infringing use, demonstrating infringement.  Attached as Exhibit A is a document created to summarize these Exhibits and documents.

47. AAP never gave Lang permission or authority to copy, distribute or display the Works at issue in this case.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
BOCA RATON, FLORIDA

48. AAP notified the Lang of the allegations set forth herein on August 11, 2017 and September 12, 2017, among other dates. Lang continues to infringe to this day, and AAP discovers new infringement by Lang on nearly a daily basis.

49. When Lang copied, distributed, and displayed the Works at issue in this case, Lang removed AAP's copyright management information from some of the Works.

50. AAP never gave Lang permission or authority to remove copyright management information from the Works at issue in this case.

51. Lang also provided false copyright management information when it provided, distributed, and displayed the Works by attributing the Works to Lang and its agents via watermarks and metadata, instead of AAP.

52. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

53. Plaintiff incorporates the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. AAP owns valid copyrights in the Works at issue in this case.

55. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

56. Lang copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

57. Lang performed the acts alleged in the course and scope of its business activities.

58. AAP has been damaged.

59. The harm caused to AAP has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

60. Plaintiff incorporates the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

61. The Works at issue in this case contain copyright management information ("CMI").

62. Lang knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

63. Lang committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

64. Lang caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

65. AAP has been damaged.

66. The harm caused to AAP has been irreparable.

## COUNT III
## FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

67. Plaintiff incorporates the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

68. Lang knowingly and with the intent to induce, enable, or facilitate, or conceal infringement provided copyright management information that is false and distributed copyright management information that is false in violation of 17 U.S.C. § 1202(a).

69. AAP has been damaged.

70. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against Lang that:

a. Lang and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Lang be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: November 15, 2018                     Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN
Florida Bar Number: 1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL 33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*