UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:18-CV-81569-BLOOM-REINHART

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

       Plaintiff,

v.

LANG REALTY, INC.,

       Defendant.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Lang Realty, Inc. ("Lang" or "Defendant"), by and through its undersigned counsel, hereby files and serves its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Affordable Aerial Photography, Inc. ("Affordable Aerial" or "Plaintiff"), and states as follows:

**ANSWER TO COMPLAINT**

For its Answer to Affordable Aerial's Complaint, all allegations of which are denied unless specifically admitted herein, Lang states as follows:

**SUMMARY OF THE ACTION**

1. Defendant admits that Plaintiff purports to bring this action pursuant to the Copyright Act, 17 U.S.C. § 106, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202. Defendant denies any violation of these statutes and denies that Plaintiff is entitled to any relief. All other allegations are denied.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

5. Admitted.

6. Defendant admits that Plaintiff makes the allegations contained in paragraph 6 of the Complaint. Defendant denies those allegations and all other allegations contained in paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Defendant admits that Plaintiff purports to bring this action under the Copyright Act, 17 U.S.C. §§ 501 and 1203.

8. The allegations contained within Paragraph 8 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that the Complaint purports to state claims that would be subject to jurisdiction under the referenced statutes, but denies that such claims are in fact stated.

9. Admitted.

10. Admitted in part, denied in part. Defendant admits that venue is proper in this district; that Lang Realty, Inc. has a principal place of business within the district; and that Lang Realty, Inc. is subject to personal jurisdiction in the district, but denies all other allegations.

## LANG AND ITS AGENTS[1]

11.     Admitted that Lang Realty, Inc., is a corporation with a principal place of business at 2901 Clint Moore Rd., Suite 9, Boca Raton, FL 33496, and has a registered agent named Kevin M. Carroll with an address of 790 Park of Commerce Blvd., #200, Boca Raton, FL 33487. Any allegation as to the sufficiency of service of process consists of a legal conclusion to which no response is required.

12.     Denied as stated. Reference to Exhibit A to the Complaint reveals that Plaintiff does not, in fact, allege that all of the alleged "Works" were used on the "Lang website," but instead identifies certain "Works" that it alleges were used on the "Lang website." Moreover, Defendant denies any allegation that it acted "via its agents." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the validity of Plaintiff's copyrights, and therefore denies same.

13.     Denied as stated. Reference to Exhibit A to the Complaint reveals that Plaintiff does not, in fact, allege that all of the alleged "Works" were used by Lang "agents," nor that all of the "Works" were used either on the "Lang website" or the "MLS," but instead identifies certain works that it alleges were used by alleged "agents" of Lang or on either a "Lang website" or the "MLS." Moreover, Defendant denies that Exhibit B contains any "instances of infringement" or that it acted "via its agents." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the validity of Plaintiff's copyrights, and therefore denies same.

14.     Denied as stated. Defendant denies any allegation that it acted "via its agents."

15.     Admitted in part, denied in part. Defendant admits that Ellen J Lillian LLC is a

---

[1] Defendant incorporates Plaintiff's subsection titles solely for ease of reference, but denies any allegations contained within these subsection titles.

Florida limited liability company with a principal address of 426 Pumpkin Drive, Palm Beach Gardens, FL 33410 and that there is a Florida Real Estate Brokers or Sales License with the number SL3073837 for Ellen J Lillian, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Ellen J Lillian LLC is owned and operated by Ellen Lillian, and therefore denies same. Defendant denies all other allegations contained in paragraph 15 of the Complaint.

16.     Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3091444 for Brian Pearl PA, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Brian Pearl resides at 1241 SW 8th St., Boca Raton, Florida 33486, and therefore denies same. Defendant denies all other allegations contained in paragraph 16 of the Complaint.

17.     Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3239417 for James F Haneschlager, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that James Haneschlager resides at 3 Balfour Ct., Palm Beach Gardens, Florida 33418, and therefore denies same. Defendant denies all other allegations contained in paragraph 17 of the Complaint.

18.     Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3379164 for Dayanne Andrade LLC, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Dayanne Andrade resides at 4504 Cohune Palm Ct., Greenacres, Florida 33463, and therefore denies same. Defendant denies all other allegations contained in paragraph 18 of the Complaint.

19.     Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL511838 for Julia Ann Giachetti PA, but lacks

sufficient knowledge or information to form a belief as to the truth of the allegation that Julia Ann Giachetti resides at 122 N. Dixie Blvd., Delray Beach, Florida 33444, and therefore denies same. Defendant denies all other allegations contained in paragraph 19 of the Complaint.

20. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL503092 for Lea Novgrad PA, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Lea Novgrad resides at 2236 NW 53rd St., Boca Raton, Florida 33496, and therefore denies same. Defendant denies all other allegations contained in paragraph 20 of the Complaint.

21. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number BK3016769 for Ryan Greenblatt PA, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Ryan Greenblatt resides at 9571 Savona Winds Drive, Delray Beach, Florida 33446, and therefore denies same. Defendant denies all other allegations contained in paragraph 21 of the Complaint.

22. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3327240 for Michaela Marcus, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Michaela Marcus resides at 19227 Skyridge Circle, Boca Raton, Florida 33498, and therefore denies same. Defendant denies all other allegations contained in paragraph 22 of the Complaint.

23. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3232329 for Morton Piasetski, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Morton Piasetski resides at 19227 Skyridge Circle, Boca Raton, Florida 33498, and therefore denies same. Defendant denies all other allegations contained in paragraph 23 of the Complaint.

24. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3085522 for Lori Quinlan PA, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Lori Quinlan resides at 2876 W. Community Drive, Jupiter, Florida 33458, and therefore denies same. Defendant denies all other allegations contained in paragraph 24 of the Complaint.

25. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3023233 for Joseph Frank Laviola, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Joe Laviola resides at 15469 North Road, Loxahatchee, Florida 33470, and therefore denies same. Defendant denies all other allegations contained in paragraph 25 of the Complaint.

26. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number BK669516 for Shelly Tyler Simmel, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Shelly Simmel resides at 927 SW 38th Court, Boynton Beach, Florida 33435, and therefore denies same. Defendant denies all other allegations contained in paragraph 26 of the Complaint.

27. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3088889 for Richard Ralston PA, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Richard Ralston resides at 12742 Bonnington Range Dr., Boynton Beach, Florida 33473, and therefore denies same. Defendant denies all other allegations contained in paragraph 27 of the Complaint.

28. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3387824 for Elena Carissimo PA, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Elena

Carissimo resides at 830 Canary Walk, Gulf Stream, Florida 33483, and therefore denies same. Defendant denies all other allegations contained in paragraph 28 of the Complaint.

29. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL592445 for Linda Ann Giannetti, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Linda Giannetti resides at 133 Lighthouse Dr., Jupiter, Florida 33469, and therefore denies same. Defendant denies all other allegations contained in paragraph 29 of the Complaint.

30. Admitted in part, denied in part. Defendant admits that there is a Florida Real Estate Brokers or Sales License with the number SL3093521 for Eve Hyatt PA, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Eve Hyatt resides at 3700 South Ocean Blvd., Apt 305, Highland Beach, Florida 33487, and therefore denies same. Defendant denies all other allegations contained in paragraph 30 of the Complaint.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

32. This allegation sets forth a conclusion of law to which no response is required. To the extent that a response is required, the allegation is denied.

33. This allegation sets forth a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that Fla. Stat. § 475.42(1)(b) states in part that "A person licensed as a sales associate may not operate as a broker or operate as a sales associate for any person not registered as her or his employer," but denies all other allegations contained within Paragraph 33 of the Complaint.

34. This allegation sets forth a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that Fla. Stat. § 475.01(2) states in part

that "The terms 'employ,' 'employment,' 'employer,' and 'employee,' <u>when used in this chapter</u> and in rules adopted pursuant thereto to describe the relationship between a broker and a sales associate, include an independent contractor relationship <u>when such relationship is intended by and established between a broker and a sales associate</u>. The existence of such relationship shall not relieve either the broker or the sales associate of her or his duties, obligations, or responsibilities <u>under this chapter</u>." (emphasis added). Defendant denies all other allegations contained within Paragraph 34 of the Complaint.

35.     This allegation sets forth a conclusion of law to which no response is required. To the extent that a response is required, the allegation is denied.

## THE COPYRIGHTED WORKS AT ISSUE

36.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

37.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

38.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

39.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

## INFRINGEMENT BY LANG

40.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

41.     Denied.

42.     Denied.

43.     Denied.

44. Denied.

45. This allegation sets forth a conclusion of law to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

46. This allegation sets forth a conclusion of law to which no response is required. To the extent that a response is required, the allegation is denied.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

48. Admitted in part, denied in part. Defendant admits that it received a letter dated August 11, 2017, in which Defendant was notified of a few instances of alleged infringement, followed by a letter dated September 12, 2017, which acknowledged that the alleged infringement had been removed. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged discoveries, and therefore denies same, and further denies all other allegations contained within paragraph 48 of the complaint.

49. Denied.

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

51. Denied.

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

## COUNT 1
## COPYRIGHT INFRINGEMENT

53. This is an incorporation by reference paragraph to which no response is required.

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

56. Denied.

57. Denied.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

59. Denied.

## COUNT II
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

60. This is an incorporation by reference paragraph to which no response is required.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

66. Denied.

## COUNT III
### FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

67. This is an incorporation by reference paragraph to which no response is required.

68. Denied.

69. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies same.

70. Denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff, and award Defendant interest, costs, and attorneys' fees and such other and further relief as this Court deems just, necessary or proper.

## AFFIRMATIVE DEFENSES TO COMPLAINT

Lang asserts the following affirmative defenses to Affordable Aerial's Complaint, reserving all rights to amend as additional facts or circumstances may be revealed through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Use of some or all of the Works was subject to a valid license.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's copyrights in some or all of the Works are invalid.

### THIRD AFFIRMATIVE DEFENSE

Defendant is not liable for the actions of its real estate agents, who are independent contractors.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damage based on any action by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because it has an adequate remedy at law.

Dated: January 7, 2019.

                                      Respectfully submitted,

*/s/ Mark F. Bideau*
Mark F. Bideau, Esq.
Florida Bar No. 564044
Bideaum@gtlaw.com
thomasd@gtlaw.com
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL  33401
Tel.: 561.650.7900
Fax.: 561-655-6222

*Attorney for Defendant Lang Realty, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on January 7, 2019 via CM/ECF on all counsel or parties of record listed below:

## **SERVICE LIST**

Joel Benjamin Rothman
Schneider Rothman IP Law Group
4651 North Federal Highway
Boca Raton, FL 33431
Email: joel.rothman@sriplaw.com

                                        */s/ Mark F. Bideau*
                                        Mark F. Bideau, Esq.

*FTL 112026132v4*